NOT DESIGNATED FOR PUBLICATION

No. 118,076

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE W. EBERLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 28, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM:  Lee W. Eberle appeals from his sentence after pleading guilty to two counts of felony domestic battery. On appeal, Eberle asserts that the district court abused its discretion in sentencing him to 12 months in jail for each conviction to run concurrently. Based on our review of the record, we find that Eberle has failed to establish that the district court's decision to impose two concurrent 12-month jail sentences was arbitrary or unreasonable. Rather, we conclude that the district court appropriately exercised its discretion under the circumstances presented. Thus, we affirm.

1

On March 23, 2017, Eberle pleaded guilty to two counts of felony domestic battery in violation of K.S.A. 2016 Supp. 21-5414(a)(1) and (b)(3). Although he had also been charged with felony criminal threat under K.S.A. 2016 Supp. 21-5415(a)(1), the State agreed to dismiss that charge as part of a plea agreement entered into by the parties. When Eberle committed the domestic batteries, he was on probation for a prior offense.

Eberle's plea agreement had several provisions. In addition to Eberle agreeing to enter a plea of guilty to the two counts of felony domestic battery and the State agreeing to dismiss the felony criminal threat count, the State agreed to recommend two 12-month sentences for the domestic batteries to run concurrent to each other. Eberle also agreed that the two new convictions would constitute a violation of his probation in his previous case.

At a hearing to consider sentencing in this case as well as the probation violation in the prior case, the State stood by the sentence recommendation in the plea agreement and Eberle's attorney asked the district court "to consider a six-month sentence to run consecutive and reinstate the probation." Ultimately, the district court revoked Eberle's probation and reinstated the underlying 27-month sentence imposed in the earlier case. In this case, the district court imposed a sentence of 12 months for each conviction to run concurrently.

ANALYSIS

The only issue presented on appeal is whether the district court abused its discretion in denying Eberle's request for consecutive six-month sentences after he pleaded guilty to two counts of felony domestic battery. Eberle does not challenge his convictions. He also does not argue that the sentence imposed was illegal. Instead, Eberle

2

argues that "[n]o reasonable person would have rejected [his] request for consecutive six month sentences." We disagree.

It is undisputed that felony domestic battery is a nongrid offense. We review sentencing decisions for nongrid offenses under pre-Kansas Sentencing Guidelines Act standards. Accordingly, a sentence imposed under these standards "will not be reversed unless it was the result of partiality, prejudice, oppression, corrupt motive, or was an abuse of discretion." *State v. Cline*, No. 114,013, 2016 WL 3597610, at *1 (Kan. App. 2016) (unpublished opinion) (citing *State v. Landa*, No. 100,116, 2009 WL 2371015, at *6 [Kan. App. 2009] [unpublished opinion]).

Judicial discretion is abused if no reasonable person would have taken the view adopted by the district court; if the judicial action is based on an error of law; or if the judicial action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party alleging abuse must prove the abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015). Here, Eberle's only argument is that no reasonable person would have taken the view adopted by the district court. There is no argument that the sentences imposed fell outside the appropriate range provided under K.S.A. 2016 Supp. 21-5414(b)(3).

A review of the record on appeal reveals that the district court judge patiently listened to the arguments presented and thoughtfully gave his reasoning on the record. In imposing concurrent 12-month sentences for Eberle's two felony domestic battery convictions, the district court acted well within the realm of reasonableness. These sentences were not only within the appropriate statutory range but were also consistent with the plea agreement.

Finally, we do not find that Eberle has established that the district court acted unreasonably by rejecting his sentencing request. It is unclear from the record whether

3

Eberle was asking for a controlling sentence of six months for both convictions or was asking for consecutive six-month sentences on each conviction. Regardless, even if a lesser sentence would have been reasonable, it does not mean that the concurrent 12-month sentences imposed by the district court were somehow unreasonable.

We, therefore, conclude that the district court appropriately exercised its discretion in sentencing Eberle in this case.

Affirmed.